# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**TOMEKA SMITH**

                                       **PLAINTIFF**

**VERSUS**                    **CIVIL ACTION NO.** 3:20-cv-285-CWR-LRA

                                       **DEFENDANT**

**EQUIFAX INFORMATION SERVICES, LLC,**
a foreign limited liability company

**TIAA Bank Inc.,**
a foreign corporation company

## COMPLAINT

## JURY TRIAL REQUESTED

COMES NOW the Plaintiff, Tomeka Smith, by and through the undersigned counsel, and files this Complaint against the Defendants, and in support shows the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

3. The transactions and occurrences which give rise to this action occurred in the City of Brandon, Rankin County, Mississippi.

4. Venue is proper in the Southern District of Mississippi, Northern Division.

5. Plaintiff is a natural person residing in the City of Brandon, Rankin County, Mississippi.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Mississippi.

    b. TIAA Bank Inc., ("TIAA") is a foreign corporation that conducts business in the State of Mississippi.

## GENERAL ALLEGATIONS

7. TIAA is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous monthly payment amount of $1,001.00 on Plaintiff's Equifax credit disclosure. The account reflected by the Errant Tradeline was closed and has a zero balance. Plaintiff no longer has an obligation to make monthly payment.

8. The Errant Tradeline should be reported by TIAA with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three

major credit bureaus, no furnisher may report a monthly payment on a closed account.

9. On May 2, 2019, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline reporting inaccurately with an erroneous monthly payment amount.

10. On or about June 24, 2019, Plaintiff submitted a letter to Equifax disputing the Errant Tradeline.

11. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was closed and asked Equifax and TIAA to report the monthly payment amount as $0.00.

12. Equifax forwarded Plaintiff's consumer dispute to TIAA.

13. On or about August 1, 2019, Plaintiff received Equifax's investigation results, which showed that Equifax and TIAA failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining

new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TIAA

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment, TIAA negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

17. TIAA negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

18. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

19. As a direct and proximate cause of TIAA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. TIAA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Plaintiff has a private right of action to assert claims against TIAA arising under 15 USC 1681s-2(b).

22. Plaintiff therefore requests that this court grants her a judgment against the Defendant TIAA for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TIAA

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, TIAA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

25. TIAA willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of TIAA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. TIAA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

28. Plaintiff therefore requests that this court grants her a judgment against the Defendant TIAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

36. Plaintiff therefore requests that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681n.

44. Plaintiff therefore requests that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that this court grants her a judgment against the Defendant TIAA for damages, costs, interest, and attorneys' fees.

Plaintiff further prays that this court grants her a judgment against the Defendant TIAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

Plaintiff further prays that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

Plaintiff further prays that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

Plaintiff further prays that this Court grant any and all relief which Plaintiff has not prayed for which this Court should see fit to grant.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: April 23, 2020

                                              Respectfully submitted,
                                              /s/Jacob R. Burns_____
                                              Jacob R. Burns
                                              MSB # 104695
                                              P.O. Box 2159
                                              Pascagoula, MS 39569-2159
                                              jacob.richard.burns@gmail.com
                                              (228) 623-5676
                                              facsimile: none